FILED
Wednesday, 07 July, 2004  11:43:20 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MARK FRAMPTON,

    Plaintiff,

v.                                    04-CV-3020

GREGORY BROWN et al.,

    Defendants.

## Order

On June 2, 2004, this case was dismissed as legally frivolous and a "strike" was assessed against the plaintiff pursuant to 28 U.S.C. 1915(g). On June 25, 2004, the plaintiff filed a motion to reconsider that ruling. The court construes the motion as one under Fed. R. Civ. P. 60(b). Federal Rule of Civil Procedure 60(b) permits a court to relieve a party from a final judgment for several reasons, including mistake, inadvertence, surprise, excusable neglect, newly discovered evidence (that could not have been discovered earlier), fraud, or "any other reason justifying relief from the operation of the judgment." Rule 60 cannot be used as a substitute for a timely appeal, and is "an extraordinary remedy . . . granted in only exceptional circumstances." *McCormick v. City of Chicago*, 230 F.3d 319, 326-27 (7th Cir. 2000), *citing Dickerson v. Bd of Educ. of Ford Heights*, 32 F.3d 1114, 1116 (7th Cir. 1994)*(internal citations omitted).

The plaintiff offers copies of grievances he asserts he was not able to retrieve from his property boxes until June 16, 2004. These grievances do not amount to "newly discovered evidence that could have been discovered earlier." They are not evidence enough to create a reasonable inference of exhaustion. All but one are simply blank forms filled in by the plaintiff. This does not create a reasonable inference of exhaustion, as already explained in the plaintiff's prior case in this court, 03-CV-3017, dealing with the same claim. *Frampton v. Brown*, 03-CV-3017, 11/19/03 Order, d/e 24. One grievance does contain responses by the grievance counselor and CAO, but the space to appeal to the ARB is blank.[1] Even if the grievances did create an inference of exhaustion, the court is not persuaded that they were unavailable to the plaintiff until just weeks ago. The plaintiff never filed a motion to compel access to those boxes in his prior case regarding the same claim, 03-CV-3017, though they were in existence then and the plaintiff had to have known about them (since he wrote them). In fact, in that case he maintained

---

[1]That grievance also makes clear that the plaintiff's assault claim against Brown would be barred by *Heck v. Humphrey*, 512 U.S. 477, 484-487 (1994) anyway, as plaintiff lost good time as a result of a disciplinary ticket arising from the incident.

only that he had filed a grievance orally and offered some blank grievance forms completed only by him. *Frampton v. Brown*, 03-CV-3017, 11/19/03 Order, d/e 24.

The plaintiff is correct that the dismissal of case 03-CV-3017 was without prejudice. But its effect is with prejudice, as the time for exhaustion has passed and the problem can therefore not be fixed. *Pozo v. McCaughtry*, 286 F.3d 1022 (7th Cir. 2002)(failure to file timely administrative appeal constitutes failure to exhaust administrative remedies and bars section 1983 suit); *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002).

IT IS THEREFORE ORDERED that the plaintiff's motion to reconsider is denied (d/e 5).

Entered this     7th     Day of                July              , 2004.

s/Harold A. Baker

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE